# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16 cr 44-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MATTIE CRYSTAL ATKINS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#33) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, R. Corey B. Atkins, and the Government was present through AUSA Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through her attorney, admitted the allegations contained in the Violation Report.

The Defendant was charged in a bill of indictment (#1) in count one with converting to her own use property of the United States in violation of 18 U.S.C. §

1

641; and in count two with making a materially false and fictitious statement in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of 18 U.S.C. § 1001(a)(2). On April 13, 2016 the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

> (8)(j) Defendant to avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution. Defendant initially was to have no contact with Jesse James Montgomery. However, the undersigned modified the terms and conditions of release which allowed her to have contact with Mr. Montgomery for two hours per day, seven days a week, but no contact with that person between 10:00 p.m. and 7:00 a.m.

On May 19, 2016, during a home visit by the U.S. Probation Office, it was found that Defendant had been in contact with Jesse James Montgomery and he had spent the night with her during the evening of May 16, 2016 until the morning of May 17, 2016. Defendant admitted she had made a false statement to her U.S. Probation Officer when he asked her if Mr. Montgomery was in the house with her and if he had spent the night with her.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer

shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

    (1)    finds that there is----
        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
        (B) clear and convincing evidence that the person has violated any other condition of release; and
    (2)    finds that ---
        (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
        (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

There has been shown by clear and convincing evidence that Defendant violated the condition of release which required her not to be in contact with her co-defendant Mr. Montgomery during the period from 10:00 p.m. to 7:00 a.m. Defendant has clearly violated the condition that required her not to do so.

Due to the findings made above and further considering the factors as set forth under 18 U.S.C. § 3142(g), it appears it is unlikely Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the

unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.  Based upon motion of counsel for the Defendant and agreed to by the Government, the undersigned will enter this Order without prejudice to the Defendant being allowed to file a motion requesting release on terms and conditions of pretrial release based upon a change of circumstances at a later date.

Signed: June 7, 2016

Dennis L. Howell
United States Magistrate Judge